IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Pernell Goodwin-Jackson<br>1732 St. Paul St<br>Philadelphia, PA 19140<br><br>Plaintiff,<br><br>vs.<br><br>Paramount Realty Services, Inc.<br>1195 Route 70<br>Suite 2000<br>Lakewood, NJ 08701<br><br>Defendant. | **JURY TRIAL DEMANDED**<br><br>CIVIL ACTION No. |

## CIVIL ACTION COMPLAINT

1. Plaintiff resides in the Commonwealth of Pennsylvania at the address set forth above.

2. Defendant is, upon information and belief, a New Jersey Corporation, with its principal place of business located at the above address and who manages and owns the premises known as The Northeast Tower Center located at 4600 Roosevelt Blvd, Philadelphia, PA 19114.

3. This Court has jurisdiction of this matter by virtue of the diverse citizenship of the parties and that the amount in controversy exceeds $75,000.00 pursuant to 28 U.S.C. § 1332.

4. At all times relevant, Defendant owned, possessed, operated, and was responsible for the maintenance of The Northeast Tower Center and the parking lot on the premises set forth

at the address above.

5. Defendant at all times relevant was the landlord of the Walmart store at the above said location.

6. At all times relevant, Defendant acted or failed to act through its duly authorized agents, servants, and/or employees acting on its business and within the course and scope of their authority and employment.

7. On or about May 5, 2015, after Plaintiff exited the Walmart store at approximately 2:30AM, while on her break from employment at the Walmart Store, and while on the way to her car, was caused to fall due to her stepping into a pothole that existed on the parking lot of Defendant's premises, causing her to sustain severe and permanent personal injuries.

8. The incident referred to hereinabove was caused solely as a result of the negligence of the Defendant, in some or all of the following particulars:

   a. Failing to safely maintain its premises;

   b. Failing to recognize a peculiar and unreasonable risk of physical harm to Plaintiff, and others in Plaintiff's position, in the manner Defendant maintained the parking lot where Plaintiff fell;

   c. Failing to inspect its premises to learn of the existence of the dangerous condition of said parking lot which existed at the time of Plaintiff's injuries and for some time prior thereto;

   d. Failing to warn or take precautions against the existence of a special danger to others which Defendant knew, or in the exercise of reasonable care, should have

   known, to be inherent in a parking lot with a pothole like to one that caused

   Plaintiff to fall;

   e. Failing to appreciate that others, including Plaintiff, did not know nor had reason to know of the unsafe condition of the parking lot and the unreasonable risk of harm involved in not warning Plaintiff of the danger of the existing pothole on the parking lot;

   f. Failing to remove a dangerous condition existing on the parking lot, when Defendant knew, or in the exercise of reasonable diligence, should have known of the dangerous conditions existing at the time of Plaintiff's injuries and for a significant period of time prior to Plaintiff's injuries;

   g. Failing to abide by statutes and administrative regulations in providing safeguards and precautions for the safety of Plaintiff and others in Plaintiff's position;

   h. Otherwise failed to use due care under the circumstances, the particulars of which will be revealed through continuing investigation, discovery and trial of this action.

9. As a direct and proximate cause of the aforesaid incident, Plaintiff suffered severe and permanent personal injuries, including but not limited to, acute brachial plexitis of her upper extremity, right crutch palsy, fractures of her right ankle, sprain/strain to her right hand, and a severe nervous shock, some or all of which are permanent and has resulted in loss of earnings, and will thereby impair her future earning capacity. She has suffered and continues to suffer pain and inconvenience as a result of her injuries. She has incurred and will in the future incur medical expenses in the treatment of injuries, and she has

further suffered and will in the future suffer a loss of life's pleasures. She has undergone surgery to relieve said pain and suffering, but to no avail.

10. Plaintiff claims as additional damages from Defendant all items of economic loss not covered by applicable security.

**WHEREFORE**, Plaintiff demands judgment against Defendant in a sum in excess of the jurisdictional limit for Arbitration together with costs of this action and damages for delay.

ROSEN, SCHAFER & DIMEO, LLP

Date: 2/16/16

By: _____
FRANK N. DIMEO, JR.
IDENTIFICATION: PA 49468
121 SOUTH BROAD STREET
EIGHTH FLOOR
PHILADELPHIA, PA 19107
(215)864-9440
fnd@rosenschaferdimeo.com